UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEANDRE LEWIS, | : | Case No. 1:05cv774 |
| Plaintiff, | : | JUDGE O'MALLEY |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM AND OPINION** |
| Defendant. | : | |

On September 7, 2004, Leandre Lewis entered a plea of guilty to conspiring to posses with the intent to distribute and to distribute marijuana, in violation of 21 U.S.C. § 846 (count 1). He was sentenced on November 12, 2004, to a term of imprisonment of 21 months and 2 years of supervised release, a sentence at the low end of the applicable guideline range. The Court dismissed counts 4, 5, and 6 upon the government's motion.

On March 22, 2005, Lewis filed the present motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255.[1]  Lewis claims that his attorney should have objected to the sentence he received because it was a guideline-based sentence, where the Court assumed that the guidelines were mandatory in violation of the principle set forth in *United States v. Booker*, 543 U.S. 220 (2005).  Lewis also claims that his counsel should have advised Lewis not to waive his rights to have guideline enhancement factors tried to a jury and to appeal or collaterally attack his sentence.

Unfortunately for Lewis, the Sixth Circuit has held that *Booker*'s rule does not apply retroactively to collateral proceedings.  *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).  In light of *Humphress*, and its progeny, this Court is without jurisdiction to determine Lewis' claims.

The Court finds, moreover, that, even if it had jurisdiction to consider Lewis' petition, the petition would be subject to dismissal because Lewis unequivocally waived his right to file it.  An examination of the record of these proceedings reveals that Lewis was fully informed of all rights waived in the plea agreement and willingly chose to waive those rights.

Where the files and records of this Court establish, as in this case, that the defendant is not entitled to any relief, the failure to conduct an evidentiary hearing is not a violation of Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.  *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983)

---

[1] Lewis subsequently filed a "Motion for Consideration for Immediate Release" (Doc. #7) and a "Motion for Default Judgment" (Doc. #8) based on the government's failure to respond to the request for immediate release.  Because the Motion for Consideration for Immediate Release merely reiterates his request, which was already made by him and opposed by the government, that his sentence be set aside, the government was not required to respond to that motion and is certainly not subject to a "default judgment" for its failure to do so in a timely fashion.  Because the Court declines to exercise jurisdiction over Lewis' collateral attack on his sentence, moreover, these two latter motions are **DENIED AS MOOT** in any event.

(hearing unnecessary where motion, files, and records conclusively show that defendant is not entitled to relief). Accordingly, the Court finds that Lewis' request for relief under 28 U.S.C. § 2255 must be **DENIED** without benefit of an evidentiary hearing.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal in forma pauperis from this decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                                          s/Kathleen M. O'Malley
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated: April 10, 2006**